# EXHIBIT C

Skip to Main Content Logout My Account Search Menu New Civil Search Refine Search Back      Location : All Courts   Help

# REGISTER OF ACTIONS
## CASE NO. 2019CVI000975D1

| MIKE CORTEZ AGENCY INC VS. ALLSTATE INSURANCE COMPANY | § | | |
|---|---|---|---|
| | § | Case Type: | **Contract - Other Contract (DC)** |
| | § | Subtype: | **Other Contract (DC)** |
| | § | Date Filed: | **05/22/2019** |
| | § | Location: | **--49th District Court** |

---

### PARTY INFORMATION

| | | **Attorneys** |
|---|---|---|
| **Defendant** | **ALLSTATE INSURANCE COMPANY** | |
| **Plaintiff** | **CORTEZ, MICHAEL** | **WILLIAM M. NICHOLS** <br> *Retained* <br> 210-340-8880(W) |
| **Plaintiff** | **MIKE CORTEZ AGENCY INC** | **WILLIAM M. NICHOLS** <br> *Retained* <br> 210-340-8880(W) |

---

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | |
|---|---|
| 05/22/2019 | **Civil Case Filed (OCA)** |
| 05/22/2019 | **Original Petition** <br> *PLAINTIFFS' ORIGINAL PETITION.* |
| 05/23/2019 | **Calendar Call** <br> *CALENDAR CALL FAXED TO ATTORNEY WILLIAM M NICHOLS.* |
| 05/23/2019 | **Notes-Miscellaneous** <br> *BILL SHEET FAXED TO ATTORNEY WILLIAM M NICHOLS.* |
| 05/23/2019 | **Citation-Issuance** <br> *SHORT $ 8.00 FOR CITATIONS. NO CITATIONS ISSUED AT THIS TIME.* |
| 06/04/2019 | **Citation-Issuance** <br> *(2) CITATIONS ISSUED AS TO ALLSTATE INSURANCE COMPANY BY SERVING ITS REGISTERED AGENT: CT CORPORATION SYSTEM. SENT TO ATTORNEY IN SELF ADDRESSED STAMPED ENVELOPE.* |
| 06/04/2019 | **Citation** <br> ALLSTATE INSURANCE COMPANY      Unserved |
| 06/17/2019 | **Atty Request - Issuance** <br> *LETTER FROM ATTORNEY WILLIAM M NICHOLS, PC IN RE: ISSUANCE* |
| 06/18/2019 | **Citation-Issuance** <br> ***RE-ISSUED** (2) CITATIONS ISSUED AS TO ALLSTATE INSURANCE COMPANY BY SERVING ITS REGISTERED AGENT: CT CORPORATION SYSTEM. SENT TO ATTORNEY IN SELF ADDRESSED STAMPED ENVELOPE.* |
| 06/18/2019 | **Notes-Miscellaneous** <br> *CITATIONS RETURNED AND RE-ISSUED* |
| 06/28/2019 | **Citation Return-Executed** <br> *CITATION RETURN EXECUTED AS TO ALL STATE INSURNACE COMPANY. SERVED: ??* |
| 07/19/2019 | **Answer-Defendant** <br> *DEFENDANT ALLSTATE INSURANCE COMPANYS ORIGINAL ANSWER AND COUNTERCLAIM* |
| 08/06/2019 | **Calendar Call** (1:30 PM) (Judicial Officer Lopez, Jose A.) |

Filed
5/22/2019 11:01 AM
Esther Degollado
District Clerk
Webb District
Dyana Cuellar
2019CVI000975D1

## CAUSE NO. \_\_\_\_\_

| | | |
|---|---|---|
| MIKE CORTEZ AGENCY, INC. | § | IN THE DISTRICT COURT |
| and **MICHAEL CORTEZ d/b/a** | § | |
| **MIKE CORTEZ AGENCY** | § | |
| | § | |
| **VS.** | § | \_\_\_\_\_ JUDICIAL DISTRICT |
| | § | |
| **ALLSTATE INSURANCE COMPANY** | § | **WEBB COUNTY, TEXAS** |

### PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW Mike Cortez Agency, Inc. and Michael Cortez d/b/a Mike Cortez

Agency, Plaintiffs, and file this their Plaintiffs' Original Petition complaining of Allstate

Insurance Company:

### I.

### Discovery

1.     Plaintiffs intend that discovery in this cause be conducted under Level 3 of Rule 190,

TEX. R. CIV. P.

2.     Attached to this Petition, and served contemporaneously therewith, is discovery

consisting of Requests for Disclosure and Plaintiffs' First Set of Interrogatories, Requests

for Admissions and Requests for Production.

### II.

### Parties

3.     Plaintiff Mike Cortez Agency, Inc. is a corporation organized under the laws of the

State of Texas that conducts business as an insurance agency licensed by the State of Texas.

Plaintiff Michael Cortez d/b/a Mike Cortez Agency is an individual citizen of the State of Texas who has conducted business as an insurance agency licensed by the State of Texas under that assumed name. Defendant Allstate Insurance Company (alternatively herein "Allstate" or "Defendant") is a foreign corporation authorized to transact business in the State of Texas which may be served with citation by serving its registered agent for service of process in Texas, CT Corporation System, at 1999 Bryan Street, suite 900, Dallas, Dallas County, Texas 75201-3136.

## III.

### Venue

4.      The contract of insurance made the basis of this suit against Defendant was sold to Plaintiffs in Webb County, Texas.  The obligations on the part of Defendant under that contract of insurance are performable in Webb County.  All or a substantial part of the events or omissions giving rise to Plaintiffs' claims against Defendant occurred in Webb County. Therefore, venue is proper in Webb County.

## IV.

### Background

5.      On or about March 1, 2010, Michael Cortez was appointed by Allstate to act as an exclusive agent for "Allstate Insurance Company" pursuant to an Allstate R3001 Exclusive Agency Agreement ("the Original Agency Agreement").[1]  Mr. Cortez operated that

---

[1] Under the terms of the Original Agency Agreement, "Allstate Insurance Company" also included some "affiliates and subsidiaries".

business as an individual doing business under the assumed name Mike Cortez Agency.
Subsequently, Mr. Cortez organized Mike Cortez Agency, Inc., which became licenced as
an insurance agency under that name and continued to operate the business. Mike Cortez
Agency, Inc. is wholly owned by Mr. Cortez.

6.      As required by Defendant, Mr. Cortez purchased a Business Insurance Policy issued
by Defendant (policy number 648572819, hereinafter "the policy"). This was the first policy
sold by Mike Cortez Agency when Mr. Cortez opened for business.  The named insured
on the policy was Mike Cortez Agency.

7.      Mr. Cortez advised Allstate of the conversion of his business from an individual to
a corporation in 2012. Thus, on or about July 1, 2012, an Allstate R3001C Exclusive Agency
Agreement ("the Agency Agreement") was entered into between Allstate and Mike Cortez
Agency, Inc.[2]  The Agency Agreement vests unto Allstate "in its sole discretion all matters
relating to its business and the operation of the Company, including but not limited to...
[t]he termination or modification of any contract or the refusal to renew any contract...."

8.      Since 2012 Allstate has had actual knowledge that Mr. Cortez operates his business
selling Allstate insurance products as a corporation, and has accepted millions of dollars
in premiums and premium renewals generated by that agency.  Further, Allstate has had
actual knowledge of its own requirement that its agents maintain commercial general
liability policies such as the one made the basis of this suit.  Since the conversion of the

---

[2] As with the Original Agency Agreement, under the new one "Allstate Insurance
Company" also includes some "affiliates and subsidiaries".

business organization to a corporation, the policy has continued to be renewed annually, and premiums paid for it.

9.      Allstate never changed the name of the insured on the policy from Mike Cortez Agency to Mike Cortez Agency, Inc.   Nevertheless, since the conversion Allstate has conducted numerous agency evaluations of Mike Cortez Agency, Inc., including evaluation of its compliance with Allstate's policies, procedures and contracts, including the Allstate Agency Standards, and all applicable laws and regulations relating to the conduct of business under the Agency Agreement, and has not found Mike Cortez Agency, Inc. to be non-compliant with the requirement that it maintain insurance coverage such as the policy.

10.     A suit has been filed in Webb County against Michael Cortez and Mike Cortez, Agency, Inc. (*Gabriel Peralta and Beatriz Beralta vs. Michael Edward Cortez, et alia*, Cause no. 2018-CVA-001062-D4 in the 406th Judicial District Court, hereinafter "the underlying suit") in which it is alleged that on or about May 22, 2017, Mr. Cortez, while acting in the course and scope of his employment with Mike Cortez Agency, Inc., caused an automobile accident resulting in personal injuries to others.   Allstate is providing a defense to Mr. Cortez personally under the terms of his personal auto liability policy.   However, Allstate has denied coverage and a defense to Mike Cortez Agency, Inc. on the basis that the corporation in not the named insured on the policy but, rather, that it is still Mike Cortez Agency.

11.     Per policy endorsement, the policy provides coverage for damages arising out of the

Plaintiffs' Original Petition<br>Page 4

use or operation of a "non-owned auto... used in connection with [the insured's] business." Allstate has further taken the position that, since Michael Cortez owned the vehicle he was operating at the time of the alleged accident, it is not a vehicle that is not owned by the named insured, i.e., himself.

## V.

### Damages

12.     Plaintiff Michael Cortez Agency, Inc. has incurred attorney's fees in its defense of the underlying suit.

## VI.

### Causes of Action

### Breach of Contract

13.     Plaintiff Mike Cortez Agency, Inc. would show that, under the terms of the policy, Allstate owes a duty to defend it against the allegation in the underlying suit, and that that duty has been triggered by the pleadings filed against it in that case.  Allstate's issuance of the denial and its refusal to provide defense counsel to Mike Cortez Agency, Inc. constitutes breach of contract resulting in the damages specified in section V, *supra*.

14.     Plaintiffs would show that Allstate's failure to modify the policy to reflect the true identity of the named insured as only it was empowered to do under the terms of the Agency Agreement constitutes breach of the Agency Agreement, resulting in the damages specified in section V, *supra*.

### Declaratory Judgment

15.     Alternatively, without waiving the foregoing, Plaintiff Mike Cortez Agency, Inc.

brings this action over and against Allstate pursuant to the Uniform Declaratory Judgments

Act, Chapter 37 of the Texas Civil Practice and Remedies Code, seeking a declaration of the

rights, duties and obligations of the parties and beneficiaries to this insurance contract.

Specifically, Plaintiff Mike Cortez Agency, Inc. seeks a declaration regarding its status as

the insured under the policy and its right to a defense as well as Allstate's liability for

providing it with a defense in the underlying case. Plaintiff Mike Cortez Agency, Inc. does

not seeks a declaration at this time of any duty on the part of Allstate to indemnify under

the policy, as such is not ripe as a justiciable controversy.

### Negligence

16.     Alternatively, without waiving the foregoing, Plaintiffs would show that Allstate's

failure to modify the policy to reflect the true identity of the named insured as only it was

empowered to do under the terms of the Agency Agreement constitutes negligence, the

proximate result of which is the damages specified in section V, *supra*.

### VII.

### <u>Relief Sought</u>

### Attorney's Fees

17.     Plaintiffs seek recovery of attorney's fees in an amount deemed reasonable by this

Court through trial of this cause and any subsequent appeals pursuant to Chapters 37 and

38 of the Texas Civil Practice & Remedies Code.

Plaintiffs' Original Petition
Page 6

18.     Plaintiffs seek monetary relief of less than $75,000.00 and non-monetary relief.

## VIII.

### Other Relief Sought

#### Equity

19.     Plaintiffs would show that Allstate's failure to modify the policy to reflect the true

identity of the named insured as only it was empowered to do under the terms of the

Agency Agreement was the result of a mistake on the part of Allstate. Plaintiffs request

that the Court, acting in equity, order the policy modified and/or corrected so as to reflect

the true identity of the named insured as Mike Cortez Agency, Inc. effective July 1, 2012.

## IX.

### Preservation of Documents

20.     Plaintiffs hereby request that Defendant preserve all documents, tangible things, and

electronically stored information potentially relevant to the facts and issues in this lawsuit,

including but not limited to the facts made the basis of this lawsuit. As used in this

document, "Defendant" includes Allstate Insurance Company, its affiliates and subsidiaries

(as those terms are used in the Agency Agreement), agents, consultants, custodians,

attorneys, accountants, staff, employees, and other such representatives with potentially

discoverable evidence within or under its/their control.

21.     Additionally, the terms "documents" and "electronically stored information"

(hereinafter "ESI") have the following meanings when used herein: The term "document"

means information that is fixed in a tangible medium, such as paper. It includes, but is not

limited to, writings, drawings, films, charts, photographs, notices, memoranda, diaries, minutes, correspondence, books, journals, ledgers, reports, worksheets, notes, printed e-mails, letters, abstracts, audits, charts, checks, diagrams, drafts, instructions, lists, logs, resumes, and summaries; and the term "electronically stored information" means electronic information that is stored in a medium from which it can be retrieved and examined.

22.     Some information subject to discovery in this lawsuit may be stored on Defendant's current or former personal and business computer systems and other media storage devices (including personal digital assistants, voice-messaging systems, and cell phones). This request to preserve extends to active data, archival data, backup data, deleted data, legacy data, and metadata (including embedded metadata and file system metadata). Electronically stored information ("ESI") includes potentially relevant information electronically, magnetically, or optically stored such as:

Digital communications (e.g., e-mail, voice mail, instant messaging, text messaging);
Word processed documents (e.g., Word or WordPerfect files, documents, and drafts);
Image and facsimile files (e.g., .pdf, .tiff, .jpg., .gif images);
Flash drives, thumb nails, cd's, disks, cloud
Sound recordings (e.g. .wav and .mp3 files);
Databases (e.g.. Access. Oracle, SQL server data, SAP);
Contact and relationship management data (e.g., Outlook, ACT!);
Calendar and diary application data (e.g., Outlook PST, Yahoo, blog tools or files);
Online access data (e.g.. temporary internet files, web history, cookies);
Network access and server activity logs;
Back-up and archival files (e.g., .zip, .gho).

23.     Defendant is instructed to take appropriate steps to preserve ESI in its native form

or in the form in which the ESI is ordinarily maintained. Any attempts by you or someone acting on your behalf that in any way violates this notice, will be the subject of a court hearing filed by the Plaintiff seeking sanctions, spoliation of evidence and any other relief as allowed by Texas law. Please notify any current or former agent, attorney, employee, custodian, or contractor in possession of potentially relevant ESI to preserve such ESI.

## X.

### Miscellaneous

24.     The last three digits of Plaintiff Michael Cortez's Social Security number are 832 and the last three digits of his Texas driver's license are 540.

### Prayer

WHEREFORE, PREMISES CONSIDERED, Plaintiffs prays that Defendant be cited to appear and answer herein, and that upon final hearing hereof the Court render judgement that Plaintiff Mike Cortez Agency, Inc. has the right under Allstate Insurance Company policy number 648572819 to a defense of the allegations brought against it in the underlying suit, and that Allstate Insurance Company has a duty under policy number 648572819 to provide that defense; for a modification and/or correction of Allstate Insurance Company policy number 648572819 to designate Mike Cortez Agency, Inc. as the named insured effective July 1, 2012; for damages over and against Allstate as described in section V, *supra*, in an amount within the jurisdictional limits of this Court; for pre-judgment interest thereon, to be expressly made a part of said judgment; for post-judgment

interest, at the highest legal rate until paid; for all costs of court, to be expressly made a part of said judgment; for attorney's fees in an amount deemed reasonable by this Court through trial and any subsequent appeals; for total monetary relief in an amount less than $75,000.00; and for all further relief, at law or in equity, to which they may show themselves justly entitled.

Respectfully submitted,

WILLIAM M. NICHOLS, P.C.
McAllister Plaza, suite 1250
9601 McAllister Freeway
San Antonio, Texas 78216-5150
Telephone: 210/340-8880
Facsimile: 210/340-8885
william@wmnlawsa.com

By: /s/ *William M. Nichols*
William M. Nichols
State Bar No. 15006800
ATTORNEY FOR PLAINTIFFS

Filed
7/19/2019 5:11 PM
Esther Degollado
District Clerk
Webb District
Joe Ann Hernandez
2019CVI000975D1

## CAUSE NO. 2019CVI000975D1

| | | |
|---|---|---|
| MIKE CORTEZ AGENCY, INC. | § | IN THE DISTRICT COURT |
| and MICHAEL CORTEZ d/b/a | § | |
| MIKE CORTEZ AGENCY | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | 49th JUDICIAL DISTRICT OF |
| | § | |
| ALLSTATE INSURANCE COMPANY | § | |
| | § | |
| Defendant. | § | WEBB COUNTY, TEXAS |

## DEFENDANT ALLSTATE INSUANCE COMPANY'S
## ORIGINAL ANSWER AND COUNTERCLAIM

COMES NOW, Allstate Insurance Company ("Allstate"), Defendant in the above-entitled and numbered cause, and respectfully pleads the following in response to Plaintiffs Mike Cortez Agency, Inc. and Michael Cortez d/b/a Mike Cortez Agency's Original Petition:

### I.
### GENERAL DENIAL

1.1    Defendant Allstate denies all and singular, each and every allegation contained in Plaintiffs' Original Petition and says that the same are not true in whole or in part, and demands strict proof thereof by a preponderance of the evidence.

### II.
### AFFIRMATIVE AND OTHER DEFENSES

Without assuming any burden other than the burden imposed by operation of law, Allstate asserts the following affirmative and other defenses:

2.1    Allstate would show that Plaintiff Mike Cortez Agency, Inc. ("MCA, Inc.") and Michael Cortez d/b/a Mike Cortez Agency ("Cortez") have failed to establish that they have any

**DEFENDANT ALLSTATE INSUANCE COMPANY'S**
**ORIGINAL ANSWER AND COUNTERCLAIM - Page 1**

contractual rights under the BusinessOwners Policy of insurance which is the subject of this suit, and thus, their claims against Allstate are not viable.

2.2    Allstate cites the following provisions of the BusinessOwners Policy of insurance which is the subject of this suit, which establish that MCA, Inc. and Cortez have no rights under the policy of insurance:

**SECTION II - LIABILITY**

A.    **Coverages**

    1.    **Business Liability**

        a.    We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury",[1] "property damage"[2] or "personal and advertising injury"[3] to which this

---

[1] The BusinessOwners policy defines "bodily injury" to mean "bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time."

[2] "Property damage" is defined is defined by the BusinessOwners policy to mean:

    a.    Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

    b.    Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

For purposes of this insurance, electronic data is not tangible property.

As used in this definition, electronic data means information, facts or programs stored as, created or used on, or transmitted to or from computer software, including systems and applications software, hard or floppy disks, CD-ROMs, tapes, drives, cells, data processing devices or any other media which are used with electronically controlled equipment.

[3] According to the BusinessOwners policy, "personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:

    a.    False arrest, detention or imprisonment;
    b.    Malicious prosecution;
    c.    The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;
    d.    Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;
    e.    Oral or written publication, in any manner, of material that violates a person's right of privacy;

**DEFENDANT ALLSTATE INSUANCE COMPANY'S**
**ORIGINAL ANSWER AND COUNTERCLAIM - Page 2**

insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury", "property damage" or "personal and advertising injury" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence"[4] or any offense and settle any claim or "suit" that may result. But:

(1)     The amount we will pay for damages is limited as described in Paragraph D. Liability And Medical Expenses Limits Of Insurance in Section II -- Liability; and

(2)     Our right and duty to defend end when we have used up the applicable Limit of Insurance in the payment of judgments or settlements or medical expenses.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Paragraph f. Coverage Extension -- Supplementary Payments.

b.     This insurance applies:

(1)     To "bodily injury" and "property damage" only if:

(a)     The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

(b)     The "bodily injury" or "property damage" occurs during the policy period; and

(c)     Prior to the policy period, no insured listed under Paragraph C.1. Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or

---

f.     The use of another's advertising idea in your "advertisement;" or

g.     Infringing upon another's copyright, trade dress or slogan in your "advertisement".

[4] The policy defines "occurrence" to mean "an accident, including continuous or repeated exposure to substantially the same general harmful conditions."

**DEFENDANT ALLSTATE INSUANCE COMPANY'S**
**ORIGINAL ANSWER AND COUNTERCLAIM - Page 3**

after the policy period will be deemed to have been known before the policy period.

    (2)    To "personal and advertising injury" caused by an offense arising out of your business, but only if the offense was committed in the "coverage territory" during the policy period.

c.    "Bodily injury" or "property damage" which occurs during the policy period and was not, prior to the policy period, known to have occurred by any insured listed under Paragraph C.1. Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim, includes any continuation, change or resumption of "bodily injury" or "property damage" after the end of the policy period.

d.    "Bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when any insured listed under Paragraph C.1. Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim:

    (1)    Reports all, or any part, of the "bodily injury" or "property damage" to us or any other insurer;

    (2)    Receives a written or verbal demand or claim for damages because of the "bodily injury" or "property damage"; or

    (3)    Becomes aware by any other means that "bodily injury" or "property damage" has occurred or has begun to occur.

e.    Damages because of "bodily injury" include damages claimed by any person or organization for care, loss of services or death resulting at any time from the "bodily injury".

\* \* \*

**B.**    **Exclusions**

**1.**    **Applicable To Business Liability Coverage**

This insurance does not apply to:

\* \* \*

g.    Aircraft, Auto Or Watercraft

"Bodily injury" or "property damage" arising out of the ownership, maintenance, use or entrustment to others of any

aircraft, "auto"[5] or watercraft owned or operated by or rented or loaned to any insured. Use includes operation and "loading and unloading".

This exclusion applies even if the claims allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by an insured, if the "occurrence" which caused the "bodily injury" or "property damage" involved the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft that is owned or operated by or rented or loaned to any insured.

This exclusion does not apply to:

(1)     A watercraft while ashore on premises you own or rent;

(2)     A watercraft you do not own that is:

(a)     Less than 51 feet long; and

(b)     Not being used to carry persons or property for a charge;

(3)     Parking an "auto" on, or on the ways next to, premises you own or rent, provided the "auto" is not owned by or rented or loaned to you or the insured;

(4)     Liability assumed under any "insured contract" for the ownership, maintenance or use of aircraft or watercraft; or

(5)     "Bodily injury" or "property damage" arising out of:

(a)     The operation of machinery or equipment that is attached to, or part of, a land vehicle that would qualify under the definition of "mobile equipment" if it were not subject to a compulsory or financial responsibility law or other motor

---

[5] According to the policy:

"Auto" means:

a.     A land motor vehicle, trailer or semitrailer designed for travel on public roads, including any attached machinery or equipment; or

b.     Any other land vehicle that is subject to a compulsory or financial responsibility law or other motor vehicle insurance or motor vehicle registration law where it is licensed or principally garaged.

However, "auto" does not include "mobile equipment."

vehicle insurance or motor vehicle registration law where it is licensed or principally garaged; or

(b)     The operation of any of the following machinery or equipment:

(i)     Cherry pickers and similar devices mounted on automobile or truck chassis and used to raise or lower workers; and

(ii)    Air compressors, pumps and generators, including spraying, welding, building cleaning, geo-physical exploration, lighting and well servicing equipment.

\* \* \*

**C.      Who Is An Insured**

1.    If you are designated in the Declarations as:

a.      An individual, you and your spouse are insureds, but only with respect to the conduct of a business of which you are the sole owner.

b.      A partnership or joint venture, you are an insured.  Your members, your partners and their spouses are also insureds, but only with respect to the conduct of your business.

c.      A limited liability company, you are an insured.  Your members are also insureds, but only with respect to the conduct of your business.  Your managers are insureds, but only with respect to their duties as your managers.

d.      An organization other than a partnership, joint venture or limited liability company, you are an insured.  Your "executive officers" and directors are insureds, but only with respect to their duties as your officers or directors. Your stockholders are also insureds, but only with respect to their liability as stockholders.

e.      A trust, you are an insured.  Your trustees are also insureds, but only with respect to their duties as trustees.

2.    Each of the following is also an insured:

a.      Your "volunteer workers" only while performing duties related to the conduct of your business, or your "employees", other than either your "executive officers" (if you are an organization other than a partnership, joint venture or limited liability company) or your managers (if you are a limited liability company), but only for acts within the scope of their

**DEFENDANT ALLSTATE INSUANCE COMPANY'S**
<u>**ORIGINAL ANSWER AND COUNTERCLAIM**</u> **- Page 6**

employment by you or while performing duties related to the conduct of your business. However, none of these "employees" or "volunteer workers" are insureds for:

(1)　　"Bodily injury" or "personal and advertising injury";

(a)　　To you, to your partners or members (if you are a partnership or joint venture), to your members (if you are a limited liability company), or to a co-"employee" while in the course of his or her employment or performing duties related to the conduct of your business, or to your other "volunteer workers" while performing duties related to the conduct of your business;

(b)　　To the spouse, child, parent, brother or sister of that co-"employee" as a consequence of Paragraph (a) above;

(c)　　For which there is any obligation to share damages with or repay someone else who must pay damages because of the injury described in Paragraph (a) or (b); or

(d)　　Arising out of his or her providing or failing to provide professional health care services.

(2)　　"Property damage" to property:

(a)　　Owned, occupied or used by,

(b)　　Rented to, in the care, custody or control of, or over which physical control is being exercised for any purpose by,

you, any of your "employees", "volunteer workers", any partner or member (if you are a partnership or joint venture), or any member (if you are a limited liability company).

b.　　Any person (other than your "employee" or "volunteer worker"), or any organization while acting as your real estate manager.

c.　　Any person or organization having proper temporary custody of your property if you die, but only:

(1)　　With respect to liability arising out of the maintenance or use of that property; and

(2)　　Until your legal representative has been appointed.

d.　　Your legal representative if you die, but only with respect to duties as such. That representative will have all your rights and duties under this policy.

No person or organization is an insured with respect to the conduct of any current or past partnership, joint venture or limited liability company that is not shown as a Named Insured in the Declarations.

\* \* \*

2.3     Allstate cites the following provisions of the Hired Auto and Non-Owned Auto Liability endorsement of BusinessOwners Policy of insurance which is the subject of this suit, which establish that MCA, Inc. and Cortez have no rights under the policy of insurance:

**2.     Non-owned Auto Liability**

The insurance provided under Paragraph A.1. Business Liability in Section II - Liability applies to "bodily injury" or "property damage" arising out of the use of any "non-owned auto"[6] in your business by any person.

\* \* \*

1.     Each of the following is an insured under this endorsement to the extent set forth below:

a.     You;

b.     Any other person using a "hired auto" with your permission;

c.     For a "non-owned auto":
(1)     Any partner or "executive officer" of yours; or
(2)     Any "employee" of yours;
but only while such "non-owned auto" is being used in your business; and

d.     Any other person or organization, but only for their liability because of acts or omissions of an insured under a., b. or c. above.

2.     None of the following is an insured:

a.     Any person engaged in the business of his or her employer for "bodily injury" to any co-"employee" of such person injured in the course of employment, or to the spouse, child, parent, brother or sister of that co-"employee" as a consequence of such "bodily injury", or for any obligation to share damages with or repay someone else who must pay damages because of the injury;

---

[6] According to the endorsement, "non-owned auto" means any "auto" you do not own, lease, hire, rent or borrow which is used in connection with your business. This includes "autos" owned by your "employees", your partners or your "executive officers", or members of their households, but only while used in your business or your personal affairs.

b.  Any partner or "executive officer" for any "auto" owned by such partner or officer or a member of his or her household;

c.  Any person while employed in or otherwise engaged in duties in connection with an "auto business", other than an "auto business" you operate.

d.  The owner or lessee (of whom you are a sublessee) of a "hired auto" or the owner of a "non-owned auto" or any agent or "employee" of any such owner or lessee; or

e.  Any person or organization for the conduct of any current or past partnership or joint venture that is not shown as a Named Insured in the Declarations.

2.4  Allstate pleads that the damages sought by this lawsuit against Allstate were, in whole or in part, caused by the negligence and/or neglect and/or intent and/or omissions of MCA, Inc. and/or Cortez and/or third person(s) whom Allstate did not control, over whom Allstate had no right of control, and/or over whom Allstate had no duty to exercise control. MCA, Inc. and/or Cortez and/or these third person(s)' acts and/or omissions were the sole proximate cause, sole producing cause, proximate cause, or a cause of the injuries and damages alleged by MCA, Inc. and Cortez and cannot be attributed to Allstate.

2.5  Allstate asserts that it has and had no duty under the BusinessOwners Policy which is the subject of this lawsuit to defend the claims being made against MCA, Inc. and Cortez in Cause Number 2018CVA001062D4 in the 406th District Court of Webb County, Texas, which is the lawsuit underlying this litigation.

2.6  Allstate asserts that it has and had no duty under the BusinessOwners Policy which is the subject of this lawsuit to indemnify the claims being made against MCA, Inc. and Cortez in Cause Number 2018CVA001062D4 in the 406th District Court of Webb County, Texas, which is the lawsuit underlying this litigation.

2.7     Allstate asserts that it did not breach the BusinessOwners Policy which is the subject of this lawsuit.

2.8     Allstate asserts that it did not breach any agency agreement between Allstate and MCA, Inc. or between Allstate and Cortez.

2.9     Allstate asserts that all conditions precedent to imposing liability on Allstate for the Plaintiffs' claims in this case have not occurred because coverage under the BusinessOwners Policy which is the subject of this lawsuit does not apply -- including defense or indemnity -- for the claims made against the MCA, Inc. and Cortez in the underlying lawsuit.

## III.
## COUNTERCLAIM FOR DECLARATORY JUDGMENT

3.1     This counterclaim is brought pursuant to 28 U.S.C. §§ 2201, 2202 and/or the provisions of Chapter 37 of the Texas Civil Practice & Remedies Code whereby Allstate Insurance Company (Allstate") seeks a declaration of its rights and obligations under a BusinessOwners Policy of insurance assigned number 648572819 issued to "Mike Cortez Agency" for the period March 2, 2017 to March 2, 2018 ("the BusinessOwners Policy"). MCA, Inc. and Michael Edward Cortez, Individually and d/b/a Mike Cortez Agency have been sued by Gabriel Peralta and Beatriz Peralta ("the Peraltas") under Cause Number 2018-CVA-001062-D4 in the 416th District Court of Webb County, Texas ("the Underlying Lawsuit") as the result of a motor vehicle accident which occurred on May 22, 2017 in Laredo, Texas. That accident involved a collision between a vehicle operated by Michael Edward Cortez and a motorcycle operated by Gabriel Peralta. Gabriel Peralta was injured in the collision, and as a result he and his wife filed the Underlying Lawsuit against MCA, Inc. and Cortez asserting claims for negligence and vicariously liability. MCA, Inc. and Cortez seek coverage under the BusinessOwners Policy for the claims being made against them in

the Underlying Lawsuit.  Allstate contends that the policy of insurance does not apply to afford

coverage for such claims.  The claims in this case exceed the minimum jurisdictional limits of this

Court.

3.2     The following provisions of the BusinessOwners Policy dictate that the policy does

not apply to afford coverage for the claims being made against MCA, Inc. and Cortez in the

Underlying Lawsuit:

**SECTION II - LIABILITY**

A.     **Coverages**

1.     **Business Liability**

a.     We will pay those sums that the insured becomes legally obligated
to pay as damages because of "bodily injury",[7] "property
damage"[8] or "personal and advertising injury"[9] to which this

---

[7] The BusinessOwners policy defines "bodily injury" to mean "bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time."

[8] "Property damage" is defined is defined by the BusinessOwners policy to mean:

a.     Physical injury to tangible property, including all resulting loss of use of that property.  All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

b.     Loss of use of tangible property that is not physically injured.  All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

For purposes of this insurance, electronic data is not tangible property.

As used in this definition, electronic data means information, facts or programs stored as, created or used on, or transmitted to or from computer software, including systems and applications software, hard or floppy disks, CD-ROMs, tapes, drives, cells, data processing devices or any other media which are used with electronically controlled equipment.

[9] According to the BusinessOwners policy, "personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:

a.     False arrest, detention or imprisonment;
b.     Malicious prosecution;
c.     The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;

**DEFENDANT ALLSTATE INSUANCE COMPANY'S**
<u>**ORIGINAL ANSWER AND COUNTERCLAIM**</u> **- Page 11**

insurance applies.  We will have the right and duty to defend the insured against any "suit" seeking those damages.  However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury", "property damage" or "personal and advertising injury" to which this insurance does not apply.  We may, at our discretion, investigate any "occurrence"[10] or any offense and settle any claim or "suit" that may result.  But:

(1)     The amount we will pay for damages is limited as described in Paragraph D. Liability And Medical Expenses Limits Of Insurance in Section II -- Liability; and

(2)     Our right and duty to defend end when we have used up the applicable Limit of Insurance in the payment of judgments or settlements or medical expenses.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Paragraph f. Coverage Extension -- Supplementary Payments.

b.     This insurance applies:

(1)     To "bodily injury" and "property damage" only if:

(a)     The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

(b)     The "bodily injury" or "property damage" occurs during the policy period; and

(c)     Prior to the policy period, no insured listed under Paragraph C.1. Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part.  If such a listed insured or authorized "employee" knew, prior to

---

d.     Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

e.     Oral or written publication, in any manner, of material that violates a person's right of privacy;

f.     The use of another's advertising idea in your "advertisement;" or

g.     Infringing upon another's copyright, trade dress or slogan in your "advertisement".

[10] The policy defines "occurrence" to mean "an accident, including continuous or repeated exposure to substantially the same general harmful conditions."

**DEFENDANT ALLSTATE INSUANCE COMPANY'S**
**ORIGINAL ANSWER AND COUNTERCLAIM - Page 12**

the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known before the policy period.

(2)    To "personal and advertising injury" caused by an offense arising out of your business, but only if the offense was committed in the "coverage territory" during the policy period.

c.    "Bodily injury" or "property damage" which occurs during the policy period and was not, prior to the policy period, known to have occurred by any insured listed under Paragraph C.1. Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim, includes any continuation, change or resumption of "bodily injury" or "property damage" after the end of the policy period.

d.    "Bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when any insured listed under Paragraph C.1. Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim:

(1)    Reports all, or any part, of the "bodily injury" or "property damage" to us or any other insurer;

(2)    Receives a written or verbal demand or claim for damages because of the "bodily injury" or "property damage"; or

(3)    Becomes aware by any other means that "bodily injury" or "property damage" has occurred or has begun to occur.

e.    Damages because of "bodily injury" include damages claimed by any person or organization for care, loss of services or death resulting at any time from the "bodily injury".

\* \* \*

**B.**    **Exclusions**

**1.**    **Applicable To Business Liability Coverage**

This insurance does not apply to:

\* \* \*

g.    Aircraft, Auto Or Watercraft

"Bodily injury" or "property damage" arising out of the ownership, maintenance, use or entrustment to others of any aircraft, "auto"[11] or watercraft owned or operated by or rented or loaned to any insured.  Use includes operation and "loading and unloading".

This exclusion applies even if the claims allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by an insured, if the "occurrence" which caused the "bodily injury" or "property damage" involved the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft that is owned or operated by or rented or loaned to any insured.

This exclusion does not apply to:

(1)    A watercraft while ashore on premises you own or rent;

(2)    A watercraft you do not own that is:

   (a)    Less than 51 feet long; and

   (b)    Not being used to carry persons or property for a charge;

(3)    Parking an "auto" on, or on the ways next to, premises you own or rent, provided the "auto" is not owned by or rented or loaned to you or the insured;

(4)    Liability assumed under any "insured contract" for the ownership, maintenance or use of aircraft or watercraft; or

(5)    "Bodily injury" or "property damage" arising out of:

---

[11] According to the policy:

"Auto" means:

a.    A land motor vehicle, trailer or semitrailer designed for travel on public roads, including any attached machinery or equipment; or

b.    Any other land vehicle that is subject to a compulsory or financial responsibility law or other motor vehicle insurance or motor vehicle registration law where it is licensed or principally garaged.

However, "auto" does not include "mobile equipment."

(a)    The operation of machinery or equipment that is attached to, or part of, a land vehicle that would qualify under the definition of "mobile equipment" if it were not subject to a compulsory or financial responsibility law or other motor vehicle insurance or motor vehicle registration law where it is licensed or principally garaged; or

(b)    The operation of any of the following machinery or equipment:

(i)    Cherry pickers and similar devices mounted on automobile or truck chassis and used to raise or lower workers; and

(ii)   Air compressors, pumps and generators, including spraying, welding, building cleaning, geo-physical exploration, lighting and well servicing equipment.

\* \* \*

**C.    Who Is An Insured**

1.   If you are designated in the Declarations as:

a.    An individual, you and your spouse are insureds, but only with respect to the conduct of a business of which you are the sole owner.

b.    A partnership or joint venture, you are an insured.  Your members, your partners and their spouses are also insureds, but only with respect to the conduct of your business.

c.    A limited liability company, you are an insured.  Your members are also insureds, but only with respect to the conduct of your business.  Your managers are insureds, but only with respect to their duties as your managers.

d.    An organization other than a partnership, joint venture or limited liability company, you are an insured.  Your "executive officers" and directors are insureds, but only with respect to their duties as your officers or directors.  Your stockholders are also insureds, but only with respect to their liability as stockholders.

e.    A trust, you are an insured.  Your trustees are also insureds, but only with respect to their duties as trustees.

2.   Each of the following is also an insured:

a.   Your "volunteer workers" only while performing duties related to the conduct of your business, or your "employees", other than either your "executive officers" (if you are an organization other than a partnership, joint venture or limited liability company) or your managers (if you are a limited liability company), but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business.   However, none of these "employees" or "volunteer workers" are insureds for:

   (1)   "Bodily injury" or "personal and advertising injury";

      (a)   To you, to your partners or members (if you are a partnership or joint venture), to your members (if you are a limited liability company), or to a co-"employee" while in the course of his or her employment or performing duties related to the conduct of your business, or to your other "volunteer workers" while performing duties related to the conduct of your business;

      (b)   To the spouse, child, parent, brother or sister of that co-"employee" as a consequence of Paragraph (a) above;

      (c)   For which there is any obligation to share damages with or repay someone else who must pay damages because of the injury described in Paragraph (a) or (b); or

      (d)   Arising out of his or her providing or failing to provide professional health care services.

   (2)   "Property damage" to property:

      (a)   Owned, occupied or used by,

      (b)   Rented to, in the care, custody or control of, or over which physical control is being exercised for any purpose by,

      you, any of your "employees", "volunteer workers", any partner or member (if you are a partnership or joint venture), or any member (if you are a limited liability company).

b.   Any person (other than your "employee" or "volunteer worker"), or any organization while acting as your real estate manager.

c.   Any person or organization having proper temporary custody of your property if you die, but only:

   (1)   With respect to liability arising out of the maintenance or use of that property; and

   (2)   Until your legal representative has been appointed.

    d.      Your legal representative if you die, but only with respect to duties as such. That representative will have all your rights and duties under this policy.

No person or organization is an insured with respect to the conduct of any current or past partnership, joint venture or limited liability company that is not shown as a Named Insured in the Declarations.

* * *

3.3    The following provisions of the Hired Auto and Non-Owned Auto Liability endorsement of the BusinessOwners Policy dictate that the policy does not apply to afford coverage for the claims being made against MCA, Inc. and Cortez in the Underlying Lawsuit:

**2.**    **Non-owned Auto Liability**

The insurance provided under Paragraph A.1. Business Liability in Section II - Liability applies to "bodily injury" or "property damage" arising out of the use of any "non-owned auto"[12] in your business by any person.

1.    Each of the following is an insured under this endorsement to the extent set forth below:

    a.      You;

    b.      Any other person using a "hired auto" with your permission;

    c.      For a "non-owned auto":
        (1)    Any partner or "executive officer" of yours; or
        (2)    Any "employee" of yours;
        but only while such "non-owned auto" is being used in your business; and

    d.      Any other person or organization, but only for their liability because of acts or omissions of an insured under a., b. or c. above.

2.    None of the following is an insured:

    a.      Any person engaged in the business of his or her employer for "bodily injury" to any co-"employee" of such person injured in the course of employment, or to the spouse, child, parent, brother or sister of that co-"employee" as a consequence of such "bodily injury", or for any

---

[12] According to the endorsement, "non-owned auto" means any "auto" you do not own, lease, hire, rent or borrow which is used in connection with your business. This includes "autos" owned by your "employees", your partners or your "executive officers", or members of their households, but only while used in your business or your personal affairs.

obligation to share damages with or repay someone else who must pay damages because of the injury;

b. Any partner or "executive officer" for any "auto" owned by such partner or officer or a member of his or her household;

c. Any person while employed in or otherwise engaged in duties in connection with an "auto business", other than an "auto business" you operate.

d. The owner or lessee (of whom you are a sublessee) of a "hired auto" or the owner of a "non-owned auto" or any agent or "employee" of any such owner or lessee; or

e. Any person or organization for the conduct of any current or past partnership or joint venture that is not shown as a Named Insured in the Declarations.

3.4 Allstate relies on the above-referenced provisions of the BusinessOwners Policy in seeking declaratory judgment in this case. Based on those provisions, the Allstate policy does not apply to afford coverage for the claims made against MCA, Inc. and Cortez the Underlying Lawsuit. Because the policy does not apply to afford coverage for those claims, Allstate is entitled to judgment in its favor on all claims made in this case, including judgment in its favor on the Plaintiffs' claims and Allstate's counterclaim for declaratory judgment.

3.5 All conditions precedent to Allstate filing this counterclaim for declaratory judgment have occurred.

## IV.
## COUNTERCLAIM FOR INEMNITY PURSUANT TO THE AGENCY AGREEMENT

4.1 On or about March 1, 2010, Cortez entered in to an "Allstate R3001 Exclusive Agency Agreement" with Allstate Insurance Company whereby he became authorized to act as an agent for Allstate for the purpose of soliciting, selling and servicing insurance policies. That contract was followed by the execution of an "Allstate R3001C Exclusive Agency Agreement"

effective July 7, 2012 between MCA, Inc. and Allstate whereby MCA, Inc. became authorized to act as an agent for Allstate for the purpose of soliciting, selling and servicing insurance policies.

4.2     By way of these agency agreements, Cortez and MCA, Inc. contractually obligated themselves to indemnify Allstate for liability, including the costs of defense and settlement, imposed on Allstate caused by the acts or omissions of Cortez and MCA, Inc.  In this regard the agency agreements provide:

> Agency will indemnify the Company against liability, including the cost of defense and settlements, imposed on the Company by law for damages sustained by any person and caused by the acts or omission of Agency, its officers, directors, shareholders, members, employees, including Key Person or other persons working in connection with this Agreement, provided that the Company has not caused or contributed to cause such liability its acts or omissions.  The Company agrees, as a condition to such indemnification, to notify Agency promptly of any such claim or suit against the Company.  The Company reserves the right to select counsel to represent it in connection with any such claim or suit and to make such investigation or settlement as the Company deems prudent.

4.3     Cortez, who is the President and owner of MCA, Inc., and MCA, Inc. are asserting claims against Allstate based on Cortez's and MCA, Inc.'s own errors in writing the BusinessOwners Policy issued to Cortez which is the subject of this lawsuit.  Cortez acted as his own agent in issuing the BusinessOwners Policy which is the subject of this lawsuit -- a policy issued in the name of Cortez the individual -- and now Cortez and MCA, Inc. claim that the policy was issued incorrectly and should have been issued in the name of MCA, Inc. rather than in the name Cortez the individual.  Based on the indemnity provision quoted above, Allstate asserts a counterclaim for indemnity from Cortez and MCA, Inc. for Cortez's and MCA, Inc.'s claims being made against Allstate in this lawsuit.

**WHEREFORE, PREMISES CONSIDERED**, Defendant Allstate Insurance Company prays:

1.     that Plaintiffs Mike Cortez Agency, Inc. and Michael Cortez d/b/a Mike Cortez Agency take nothing in this case;

2.     that the Court enter judgment in favor or Defendant Allstate Insurance Company on all claims in this case;

3.     that the Court find that Defendant Allstate Insurance Company is not obligated to defend or indemnify Michael Edward Cortez, Individually and d/b/a Mike Cortez Agency under BusinessOwners Policy number 648572819 for the claims being made by Gabriel Peralta and Beatriz Peralta under Cause Number 2018-CVA-001062-D4 in the 406th District Court of Webb County, Texas;

4.     that the Court find that Defendant Allstate Insurance Company is not obligated to defend or indemnify Mike Cortez Agency, Inc. under BusinessOwners Policy number 648572819 for the claims being made by Gabriel Peralta and Beatriz Peralta under Cause Number 2018-CVA-001062-D4 in the 406th District Court of Webb County, Texas;

5.     that the Court find that Allstate Insurance Company BusinessOwners Policy number 648572819 does not apply to afford coverage for the claims made against Michael Edward Cortez, Individually and d/b/a Mike Cortez Agency under Cause Number 2018-CVA-001062-D4 in the 406th District Court of Webb County, Texas;

6.     that the Court find that Allstate Insurance Company BusinessOwners Policy number 648572819 does not apply to afford coverage for the claims made against Mike Cortez Agency, Inc. under Cause Number 2018-CVA-001062-D4 in the 406th District Court of Webb County, Texas;

7.     that the Court find that Michael Edward Cortez, Individually and d/b/a Mike Cortez Agency is obligated to indemnify Allstate Insurance Company for the claims being made against Allstate Insurance Company in this lawsuit;

8.     that the Court find that Mike Cortez Agency, Inc. is obligated to indemnify Allstate Insurance Company for the claims being made against Allstate Insurance Company in this lawsuit;

9.     that the Court award Defendant Allstate Insurance Company its damages;

10.    that the Court award Defendant Allstate Insurance Company its costs; and

11.    that the Court award Defendant Allstate Insurance Company such other and further relief, at law and in equity, to which it may be justly entitled.

Respectfully submitted,

**STACY | CONDER | ALLEN** LLP

By: _____ _/s/ - Roy L. Stacy_ _____
        Roy L. Stacy
        State Bar No. 18988900
        **stacy@stacyconder.com**
        David G. Allen
        State Bar No.  00786972
        allen@stacyconder.com
        Pamela J. Touchstone
        State Bar No. 20150250
        **touchstone@stacyconder.com**

901 Main Street, Suite 6200
Dallas, Texas 75202
(214) 748-5000
(214) 748-1421 (Fax)

**ATTORNEYS FOR DEFENDANT**
**ALLSTATE INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

      I certify that a copy of this document was served this 19th day of July, 2019 upon all counsel of record pursuant to the Texas Rules of Civil Procedure.

           _/s/ - Roy L. Stacy_ _____
           Roy L. Stacy

PJT/PLDG/628595.1/000003.18398